UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAOXING DAQIN IMPORT &
EXPORT CO., LTD.,

        Plaintiff,

  -against-

NOTATIONS, INC., SCOTT ERMAN,
and LYNN BRANDS, LLC,

        Defendants.

19-cv-2732 (JSR)

ORDER



JED S. RAKOFF, U.S.D.J.

This case concerns claims arising from unpaid fabric orders plaintiff Shaoxing Daqin Import & Export ("Shaoxing") fulfilled in the course of its dealings with defendants Notations, Inc. ("Notations") and Scott Erman. Plaintiff alleged numerous contract, quasi-contract, and tort claims against Notations and Erman, as well as successor liability claims against defendant Lynn Brands, LLC ("Lynn Brands"), which purchased Notations's assets in early 2019. Now before the Court is Lynn Brands's motion for reconsideration of the Court's order partially denying its motion for summary judgment on December 3, 2019. Mem. and Order, ECF No. 74. Specifically, Lynn Brands challenges the Court's denial of summary judgment against plaintiff on its fraud-based successor liability claim.

I.   Motion for Reconsideration Standard

Lynn Brands purports to move for summary judgment pursuant to Rule 60(b) and Local Civil Rule 6.3. As an initial matter, Rule 60(b) is not a proper ground for seeking reconsideration of the denial of a motion for summary judgment. Rule 60(b) allows relief from "a final judgment, order, or proceeding," Fed. R. Civ. P. 60(b), which the denial of a motion for summary judgment is not. See Ortiz v. Jordan, 562 U.S. 180, 188 (2011) (holding denial of summary judgment order are "by their terms interlocutory" (citation omitted)). Although Lynn Brands's motion would thus fail under the reconsideration standard it claims is appropriate here, the Court nonetheless liberally construes the motion as if it were properly brought under Rule 59(e) and Local Civil Rule 6.3. C.f. Jones v. UNUM Life Ins. Co. of Am., 223 F.3d 130, 136 (2d Cir. 2000).

The standard for granting a motion for reconsideration under Rule 59(e) and Local Civil Rule 6.3 "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). This strict standard is intended to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with

2

additional matters." Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988). Accordingly, "[a] motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013).

II. Analysis

Lynn Brands argues that reconsideration is warranted for two reasons. First, Lynn Brands argues that the Court should not have considered certain declaration evidence the plaintiff submitted. Second, Lynn Brands argues that the Court misconstrued a series of email communications contained in this declaration as plausible evidence of fraud. Neither argument constitutes grounds for granting reconsideration.

a. Declaration Evidence

Lynn Brands first argues that the Court should not have considered evidence that Shaoxing submitted as exhibits to a declaration opposing Lynn Brands's summary judgment motion. See Decl. of Jin Liang Han ("Han Declaration"), ECF No. 49. Lynn Brands claims that the court should not have considered the declaration because it was a "sham affidavit" that "directly contradicts [Han's] prior sworn testimony" in a deposition that

3

he "had no factual or legal basis, and specifically no evidence" of fraud. Mem. of Law in Support of Lynn Brands' Motion to Reconsider/FRCP 60(b) ("Lynn Brands Mem. of Law") at 3, ECF No. 75. Further, Lynn Brands claims that its due process rights have been violated by consideration of the Han Declaration because it "raises new facts and legal theories that were not set forth or raised in the Amended Complaint and in Plaintiff's deposition." Id.

Lynn Brands's argument is flawed on several fronts. First, Lynn Brands significantly overreads plaintiff's deposition testimony. Plaintiff did not "admit" that it had no factual or legal basis for its fraud claim. Rather, in response to Lynn Brands's questions about whether "sitting here today" Han had evidence that assorted agreements among the parties were fraudulently entered into, Han responded that he did not have such evidence "so far" or "in my hand." Decl. of Michael J. Sheppard, Exh. 4, Deposition of Jin Lian Han 403-404, 409-10, 413-417, 424, 426-27, ECF No. 46. Although Han's inability to articulate his theory of fraud or any evidence supporting such a theory at his deposition may ultimately undercut his credibility, it certainly does not constitute an admission that Shaoxing's fraud-based successor liability claim is baseless and did not preclude Shaoxing from submitting evidence in opposition to a motion for summary judgment on this claim.

4

Second, Lynn Brands misunderstands the "sham declaration" doctrine. The sham declaration doctrine holds that "a party who has testified to a given fact in his deposition cannot create a triable issue merely by submitting his affidavit denying the fact." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 43 (2d Cir. 2000). The Han Declaration created a triable issue of fact not by virtue of contradicting Han's prior testimony, but instead by presenting independent documentary evidence of fraud in the form of exhibits. The sham declaration doctrine is thus inapplicable here.

Third, Lynn Brands's due process argument that the Han Declaration deprived it of the "chance to be apprised of and meaningfully challenge the claims against it" is meritless. Lynn Brands Mem of Law at 4. Shaoxing put Lynn Brands on notice of its fraud claim by including this claim in its complaint. Amended Compl. ¶¶ 99-138. While Lynn Brands complains that the Han Declaration also included "facts" it was not previously on notice of, Lynn Brands itself produced the documents it claims were improperly included in the declaration. Moreover, Lynn Brands submitted nearly 300 pages of combined briefing in reply to Shaoxing's opposition to its motion for summary judgment and the supporting Han Declaration. See Reply Mem. of Law in Support of Lynn Brands' Motion for Summary Judgment, ECF No. 66 (11 pages); Lynn Brands Amended Reply Counter-Statement of Material

5

Facts ("Lynn Brands Reply SMF"), ECF No. 72 (273 pages). Such a lengthy submission afforded Lynn Brands ample opportunity to "meaningfully" challenge plaintiff's fraud theory.

In short, that Shaoxing did not present its fully developed theory of fraud or all evidence supporting such a theory in its deposition testimony did not deprive Lynn Brands of due process of law, nor will it deprive Lynn Brands of its due process rights going forward. Palazzo, 232 F.3d at 43 ("[A] party's deposition testimony as to a given fact does not foreclose a trial or an evidentiary hearing where that testimony is contradicted by evidence other than the deponent's subsequent affidavit."). Reconsideration is thus not warranted on this ground.

b. Email Communications

Lynn Brands next argues that, even if consideration of the Han Declaration was appropriate, the Court committed clear error in finding that that any documents therein constituted evidence sufficient to raise a genuine dispute as to whether the transfer of Notations's assets to Lynn Brands was fraudulent. The Court held that three email communications from this declaration, taken together and in the light most favorable to Shaoxing, were sufficient to preclude summary judgment. Because Lynn Brands fails to "point to controlling decisions or data that the court

6

overlooked" in reaching this conclusion, its motion for reconsideration on this ground fails. Shrader, 70 F.3d at 257

i. Payments to Melko Email

The Court first held that an email between representatives of Notations and Lynn Brands, taken in the light most favorable to Shaoxing, constituted evidence of fraudulent intent because it suggested that consideration for the sale of Notations may have been inadequate. SJ Mem. and Order at 27. In the email, representatives of the company appear to negotiate a means to ensure priority payment of Notation's debts to Melko Logistics ("Melko"), Notations's third-party logistics company. Han Decl. Exh. 5, Lynn Brands 020222. The Court held that this email suggested that the parties failed to deal in good faith by "work[ing] in concert to favor one of Notations's unsecured creditors." SJ Mem. and Order at 27.

Lynn Brands now argues that the Court overlooked an innocent explanation for this behavior, namely that Melko was not an unsecured creditor. In doing so, Lynn Brands expands on an argument referenced only in a footnote to its reply brief, Lynn Brand's Reply Brief 10 n. 4, ECF No. 66, which itself contains an incorrect citation to Lynn Brands's Reply Statement of Material Facts briefly elaborating this argument. Lynn Brands Reply SMF ¶¶ 16(u)-(w), 169(a)-(d). Lynn Brands now explains at more length its theory that Melko had a statutorily created

7

warehouse lien on Notations's inventory, which provided it priority over any of Notations's unsecured creditors. The existence of such a lien, according to Lynn Brands, renders the email negotiation an innocent attempt to avoid litigation between Wells Fargo and Melko that would have been to the detriment of all of Notations's creditors.

Lynn Brands, however, failed to demonstrate that such a warehouse lien existed at the time of its summary judgment motion. In its Reply Statement of Material Facts, Lynn Brands offered two purported pieces of evidence of the existence of the warehouse lien. First, it included an agreement between Wells Fargo and Melko that it refers to as the "Warehouse Letter." Decl. of Michael J. Sheppard, Exh. 16, ECF No. 46. The agreement states that "Nothing contained herein shall in any way limit or modify any lien rights for unpaid charges which you may have under applicable law." Id. An agreement discussing lien rights a party "may have," however, does not constitute evidence that such lien rights exist. Second, Lynn Brands included deposition testimony from Scott Erman in which he explained that he "believed" a "warehouseman's lien" was "part of the deal to set up with the 3PL, yes, with Melko, which was a 3PL." Id. Exh. 25, Erman Tr. 140:4-22. Although such testimony tends to demonstrate the existence of a warehouseman's lien, standing alone, it far from establishes it. This is especially true absent any evidence

8

of "a warehouse receipt or storage agreement" between Melko and Notations, a requirement to create a warehouse lien under California law. See Cal. Com. Code § 7209.

Lynn Brands now attempts to present new evidence that such a warehouse lien existed. See Decl. of Michael J. Sheppeard, Exhs. 2-4, ECF No. 75-1. While the declaration may contain additional evidence supporting the existence of such a lien, the Court "do[es] not consider facts not in the [original] record to be facts that the court 'overlooked'" for purposes of a motion for reconsideration. Rafter v. Liddle, 288 F. App'x 768, 769 (2d Cir. 2008). Although newly discovered evidence can sometimes constitute a ground for reconsideration, Lynn Brands appears to have long had access to the documents it now sets forth. Lynn Brands's attempts to "plug[] the gaps of a lost motion with additional" evidence that Melko was not an unsecured creditor is thus not grounds for reconsideration here. Carolco Pictures Inc., 700 F. Supp. at 170.

ii. "SL" Email

The Court next held that an email from Matt Polsky, a financial advisor to Notations, to Michael Sheppeard, a lawyer from Lynn Brands, (the "'SL' Email") constituted possible evidence of fraud. In the email, Polsky emphasized that "Transition matters and process hinge on what you believe can avoid obvious 'SL.'" Han Decl. Exh. 3, Lynn Brands 3425. The

Court held that "[a] reasonable jury could conclude that 'SL' stands for successor liability, and that this email shows that Lynn Brands and Notations engaged in their transaction with the fraudulent intent to avoid liability to creditors." Mem. and Order at 28. Lynn Brands now argues that "[t]his email indicated nothing more than a desire to accomplish the Article 9 foreclosure and sale . . . without running afoul of the law." Lynn Brands Mem. of Law at 10. At the summary judgment stage, however, a Court "draw[s] all reasonable inferences in favor of a non-movant." Heublein, Inc. v. United States, 996 F.2d 1455, 1461 (2d Cir. 1993). Notwithstanding Lynn Brands's alternative plausible reading, drawing all inferences in Shaoxing's favor, it is also plausible to read the email as evidencing fraudulent intent. Reconsideration is thus not warranted on this ground.

iii. Debt Email

Finally, the Court held that evidence "that Notations continued to build up debt very close to the time of the acquisition of its assets by Lynn Brands" precluded summary judgment on plaintiff's fraud-based successor liability claim. SJ Mem. and Order at 28. Specifically, the Court relied on an email in which a Notations representative explains that "We will continue to build the debt to our contractors by another $2M." Han Decl. Exh. 3, 11234. Lynn Brands argues that this email does not demonstrate that Notations built up its debt because the

10

email was discussing debt projections, and there is no evidence such debts ever came to fruition. Other evidence, however, demonstrates that Notations's projected debt build-up came at least partially to fruition. For example, Notations admits that the "Proof of Claim" accurately reflects Notations's building $127,005.15 of debt to Shaoxing alone between November 2018 and January 2019. See Notations SMF ¶¶ 45-50, ECF No. 41. Some of Notations's orders with Shaoxing appear to have ship dates or payment due dates after individuals associated with Lynn Brands first reached out to Notations. See Id. ¶ 61; Shen Decl. Exh. 6, Lynn Brands 30614-15, ECF No. 40. The Court reasonably concluded that such evidence, taken in the light most favorable to Shaoxing, represented "suspicious timing" that could support successor liability based on fraud, and reconsideration is not warranted.

III. Conclusion

For the foregoing reasons, Lynn Brands has failed to demonstrate any facts or law that the Court overlooked in denying its motion for summary judgment. Accordingly, its motion for reconsideration is denied.

SO ORDERED.

Dated: New York, NY

January 19, 2020

JED S. RAKOFF, U.S.D.J.